UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID HOLLY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. 20 C 3514

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

After a bench trial, David Holly was convicted of being a felon in possession of a gun. He has filed a petition for release pursuant to 28 U.S.C. § 2255. The petition is denied.

**Background**

Holly made two motions prior to trial: (1) to quash his arrest and suppress the gun that was found in his pocket upon his arrest; and (2) to dismiss the indictment arguing that he was denied due process when the police failed to preserve surveillance video taken near his arrest.

At a hearing held on both motions, the two arresting officers testified that they stopped Holly because he furtively avoided them while they patrolled a high crime area. According to the police, they pursued Holly on foot without drawing their guns. When the officers stopped Holly, they asked him whether he had a gun. He told them he did, and they arrested him.

Contrary to the officers' testimony, Holly testified that he did not try to avoid them, and they approached with guns drawn demanding that he put his hands up as he was ringing a doorbell. According to Holly, the officers said they stopped him because there had been a string of burglaries in the neighborhood. Holly also testified that the officers patted him down and only asked if he had a gun when they felt a bulge in his pocket.

The hearing also revealed that there was surveillance video of the general area where Holly's arrest occurred. The arresting officers and a detective reviewed the video immediately after the arrest and requested a copy of the video from its owner, the Chicago Housing Authority. When the request went unanswered and the detective failed to follow-up, the recording was deleted automatically per CHA policy or custom. The officers and the detective testified at the hearing that Holly's arrest was out of the camera's view.

The Court found the officers' testimony more credible than Holly's and denied the motion to suppress. The Court also denied the motion to dismiss finding credible the officers' testimony that the video did not show the arrest and that the failure to secure the video was negligent and not intentional. After he was convicted, Holly challenged the denials of both motions on appeal. The Seventh Circuit affirmed.

**Analysis**

Holly makes two claims that the Court will address: (1) trial counsel was ineffective for failing to subpoena a state prosecutor regarding acquisition of the video, R. 1 at 5; and (2) that trial counsel was ineffective for "encourage[ing] [him] to

go to trial under the assumption" that if petitioner did not prevail at trial, he "would still get" a sentence reduction for acceptance of responsibility, *id.* at 5-6. Holly also made a third claim based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which he conceded in his reply brief. *See* R. 10 at 2.

## I. Failure to Subpoena State Prosecutor

At a hearing in state court two days after Holly's arrest, the state prosecutor told the court, "There is also video of this case." R. 7 at 10. Holly's ineffective assistance claim appears to be based on this statement. But this statement only establishes what was never in dispute: that a video existed. The statement is not relevant to whether the police acted in bad faith in failing to secure possession of the video. Holly does not make any argument as to what the state prosecutor's testimony would have added to the Court's assessment of bad faith by the arresting officers and investigating detective. Thus, Holly has failed to show that his attorney was deficient in failing to subpoena the state prosecutor or that taking that action would have changed the outcome of his case as is required to demonstrate constitutionally ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). Therefore, Holly's first claim is denied.

## II. Acceptance of Responsibility Reduction

Holly also argues that his counsel was ineffective because he advised Holly to go to trial causing him to lose acceptance of responsibility points at sentencing. Even assuming that Holly accurately characterizes his counsel's advice (a question of fact the Court cannot determine without a hearing), and that this advice was

3

constitutionally deficient (a legal finding the Court assumes only for purposes of disposing of Holly's petition), Holly has failed to demonstrate that this advice changed the outcome of his case.

The Court's decision to deny Holly acceptance of responsibility points was not based on his decision to go to trial. Indeed, the Court expressly stated that Holly "has a right to go to trial" and "I'm not automatically penalizing him because he went to trial." Rather, the Court denied Holly acceptance points because the Court found that he perjured himself during the pretrial hearing. Thus, Holly's attorney's alleged advice cannot have caused the loss of those points.

At sentencing, the Court also noted that even if Holly had received acceptance of responsibility points, his sentence would have been the same. Adding those points and subtracting two enhancements that are not otherwise relevant here, would have left Holly with a Guidelines range of 84-105 months. The Court sentenced Holly to 90 months, right in the middle of this lower range that Holly argues should have applied to him had he been given proper advice. But since his sentence was unaffected by his counsel's allegedly deficient advice, Holly has failed to demonstrate the prejudice *Strickland* requires.

In his reply brief, Holly claims that he went to trial and rejected a plea agreement because it was his "understanding that the government's offer was 168 to 210 months." R. 10 at 2. He contends that he was never told that his maximum sentence was, in fact, 120 months. But as discussed, the Court did not penalize Holly for going to trial. As with Holly's contention that his attorney advised him to go to

4

trial, the allegation that his attorney did not advise him that his maximum sentence was only 120 months did not affect the outcome of his case because he received the same sentence he would have received even if he had pled guilty.

### III. Certificate of Appealability

Lastly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012). To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, the Court's denial of Holly's petition rests on application of well-settled precedent. Accordingly, certification of Holly's claims for appellate review is denied.

## Conclusion

Therefore, Holly's petition is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 23, 2021